UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY HENSLEY, Individually and as Mother and Natural Guardian of K.H., a Minor, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:14CV00181 ERW ) |
| FOREST PHARMACEUTICALS, INC., FOREST LABORATORIES, INC., and SMITHKLINE BEECHAM CORP., d/b/a GLAXOSMITHKLINE, and GLAXOSMITHKLINE, LLC, | ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Remand [ECF No. 14].

**I.   BACKGROUND**

On January 17, 2014, Plaintiff Kimberly Hensley, the natural mother of K.H., a minor, filed this action against defendants Forest Pharmaceuticals, Inc. ("Forest Pharmaceuticals"), Forest Laboratories, Inc. ("Forest Laboratories"), and GlaxoSmithKline, LLC, formerly Smith Kline Beecham Corporation, d/b/a GlaxoSmith Kline ("GSK LLC"), in the Circuit Court for the Twenty-First Judicial Circuit, St. Louis County, Missouri [ECF Nos. 1, 1-1, 4]. Plaintiff and K.H. are citizens and residents of Indiana. At all times relevant to this matter, GSK LLC, a limited liability company with sole Delaware citizenship, designed, manufactured, marketed, and distributed the prescription drug Paxil. Forest Laboratories, a corporation with citizenship in Delaware and New York, and Forest Pharmaceuticals, a corporation with citizenship in Delaware and Missouri (Forest Laboratories and Forest Pharmaceuticals collectively referred to as "Forest

Defendants"), designed, manufactured, marketed, and distributed the prescription drug Lexapro. In her Complaint, Plaintiff alleges that K.H. was born with various congenital birth defects caused by Plaintiff's ingestion of Lexapro and Paxil during her pregnancy. Plaintiff brings her action to recover medical and other expenses related to treatment for birth defects and other related illnesses suffered by K.H.; she also seeks punitive damages for the injuries suffered as a direct result of her ingestion of Lexapro and Paxil during her pregnancy with K.H.

GSK LLC obtained a copy of Plaintiff's state court pleading through its counsel on January 28, 2014. On January 31, 2014, before service was effected on any of the defendants, GSK LLC filed a Notice of Removal in this Court [ECF No. 1]. In its Notice of Removal, GSK LLC asserted that, because none of the named defendants had been served with a copy of Plaintiff's pleading, the notice was timely, and removal did not require Forest Defendants' consent [ECF No. 1 at 2]. GSK LLC further asserted the Court had original subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332, and the matter could be removed to this Court under 28 U.S.C. § 1441, because there is complete diversity of citizenship between Plaintiff and defendants, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. GSK LLC contended 28 U.S.C. § 1441(b)(2)'s "forum-defendant rule" did not preclude removal because the Missouri defendant, Forest Pharmaceuticals, had not been served as of the filing of the removal.

On February 18, 2014, GSK LLC filed a Motion to Dismiss Plaintiff's pleading pursuant to Federal Rules of Civil Procedure 8(a)(2), 12(b)(6), and 9(b) [ECF No. 12]. Plaintiff filed the present Motion to Remand on February 24, 2014 [ECF No. 14]. Plaintiff also filed "Plaintiff's Agreed Motion to Stay Briefing on and Consideration of Defendants' Motion to Dismiss" on February 25, 2014 [ECF No. 16]. In the Agreed Motion, Plaintiff informed the Court she and

2

GSK LLC had conferred, and had agreed to a proposed briefing schedule on GSK LLC's motion to dismiss; and she requested an Order staying any further briefing and deferring consideration of the motion until the Court ruled on the present Motion to Remand. The Court granted the Agreed Motion on February 26, 2014 [ECF No. 17]. GSK LLC filed its Opposition to Plaintiff's Motion to Remand on March 6, and Plaintiff filed her Reply on March 14, 2014 [ECF Nos. 18, 23]. On March 7, 2014, Plaintiff filed a Return of Service of Summons and Complaint for each named defendant [ECF Nos. 19-22]. Forest Defendants subsequently filed their Answers to Plaintiff's Complaint [ECF Nos. 27, 28].

## II.   STANDARD FOR FEDERAL COURT JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If a federal court takes action in a dispute over which it lacks subject matter jurisdiction, that action is a nullity. *See Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951). However, "'[f]ederal courts have a virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Barzilay v. Barzilay*, 536 F.3d 844, 849 (8th Cir. 2008) (alteration in original) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

A claim may be removed to federal court only if it could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331. *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). The party invoking jurisdiction bears the burden of proof that the prerequisites to jurisdiction are satisfied. *Green v. Ameritide, Inc.*, 279 F.3d 590, 595 (8th Cir. 2002).

Removal statutes must be strictly construed because they impede upon states' rights to resolve controversies in their own courts. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). Although a defendant has a statutory right to remove when jurisdiction is proper, the plaintiff remains the master of the claim and any doubts about the propriety of removal are resolved in favor of remand. *See In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *McHugh v. Physicians Health Plan of Greater St. Louis*, 953 F. Supp. 296, 299 (E.D. Mo. 1997). If "at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c).

## III. DISCUSSION

In her Motion to Remand, Plaintiff claims this action should be remanded to the Circuit Court for the Twenty-First Judicial Circuit, St. Louis County, Missouri, for lack of subject matter jurisdiction [ECF Nos. 14, 15]. Plaintiff does not contend the diversity and amount in dispute requirements of 28 U.S.C. § 1332 are not met; rather, she contends GSK's removal violates the "forum-defendant rule," codified at 28 U.S.C. § 1441(b)(2).

The "forum-defendant rule," pertaining to removal of state civil actions to federal district courts when a named defendant is a citizen of the state in which Plaintiff has filed, states:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2). "The intent underlying the forum defendant rule and the 'joined and served' language is to allow out-of-state defendants to avoid local bias and remove to a federal forum, while preventing plaintiffs from joining, but not serving, forum defendants to block removal." *Perez v. Forest Labs., Inc.*, 902 F.Supp. 2d 1238, 1245 (E.D. Mo. Oct. 10, 2012).

4

As previously noted, no defendant named in Plaintiff's state pleading, including forum defendant Forest Pharmaceuticals, had been served when GSK LLC filed its Notice of Removal in this Court. Plaintiff asserts that none of the defendants could be properly served pre-removal, because the state court clerk had not issued summons to enable service to be effected; and she argues the forum-defendant rule bars removal when a case is removed before an opportunity exists for service to be effectuated. Plaintiff cites to several Eastern District cases in support of her pre-service removal argument: *Perez*, 902 F.Supp. 2d 1238 (concluding out-of-state defendant's pre-service removal violated forum-defendant rule where forum defendant was unserved); *Fisher v. Forest Labs., Inc.*, No. 4:12CV322 RWS (E.D. Mo. Mar. 22, 2012) (memorandum and order) (disallowing pre-service removal where out-of-state defendant removed before plaintiff could effect service to it or the forum defendant); and *Hernandez v. Forest Labs., Inc.*, No. 4:12CV321 RWS (E.D. Mo. Mar. 23, 2012) (memorandum and order) (same). Plaintiff notes this Court, when previously presented with an instance of pre-service removal "by means of monitoring the electronic docket[,]" involving the same local defendant, found the conduct "smacks more of forum shopping by a defendant, than it does of protecting the defendant from the improper joinder of a forum defendant that plaintiff has no intention of serving." *Perez*, 902 F.Supp. 2d at 1243.

In its opposition to Plaintiff's Motion to Remand, GSK LLC contends Plaintiff's cited rulings are distinguishable, because they all involved the same two defendants, namely Forest Laboratories and Forest Pharmaceuticals, "and *only* those two defendants." [ECF No. 18 at 3-4]. GSK LLC asserts that its presence in this action, as a third defendant not part of the Forest group of companies, and as a manufacturer of a different product, makes Plaintiff's cited cases inapplicable to this matter. GSK LLC argues:

5

> . . . Plaintiffs seek to deprive GSK, who would otherwise be able to remove a diverse case filed in Missouri state court, of its right to a federal forum by lumping together allegations against GSK and allegations against different defendants who manufactured and distributed a different product. In other words, were it not for the happenstance that Plaintiff Kimberly Hensley allegedly ingested a medication manufactured and distributed by the Forest defendants in addition to her alleged ingestion of a medication manufactured by GSK, there would be no question about the propriety of GSK's removal of this action to federal court.

[ECF No. 18 at 5]. GSK LLC further argues this case is distinguishable from those Plaintiff cites because, unlike the defendants in those cases, GSK LLC did not remove Plaintiff's action within days of her pleading being filed, as GSK LLC did not even learn about the case until approximately two weeks after Plaintiff filed.

GSK LLC also contends many courts in this District have held the presence of an unserved forum defendant, outside of the parent-subsidiary context, does not bar removal, and GSK LLC argues the cases denying remand are more analogous to the facts presented here: *Johnson v. Emerson Elec. Co.*, No. 4:13CV1240 JAR, 2013 WL 5442752 (E.D. Mo. Sept. 30, 2013) (denying remand motion where out-of-state defendant effected pre-service removal of action after plaintiff provided it with courtesy copy of petition; holding plain language of § 1441(b) made removal limitation inapplicable where Missouri citizen was not served at time of removal); *Taylor v. Cottrell, Inc.*, No. 4:09CV536 HEA, 2009 WL 1657427 (E.D. Mo. June 10, 2009) (remand motion denied where out-of-state defendant filed notice of removal 4 days after state pleading was filed and before service made on named Missouri defendant; holding plain language of § 1441(b) made removal limitation inapplicable where Missouri citizen was not served at time of removal); *Brake v. Reser's Fine Foods, Inc.*, No. 4:08CV1879 JCH, 2009 WL 213013 (E.D. Mo. Jan. 28, 2009) (plain language of forum statute precludes remand where Missouri residents were not served at time of removal); *Johnson v. Precision Airmotive*, *LLC*,

4:07CV1695 CDP, 2007 WL 4289656 (E.D. Mo. Dec. 4, 2007) (no defendant had been formally served at time of removal; text of § 1441 does not prohibit removal in case where forum defendants have not yet been served with complaint). GSK LLC further asserts its removal of this matter is consistent with the plain language of 28 U.S.C. § 1441(b) and the weight of the relevant case law.

The Court does not find GSK LLC's arguments persuasive. The Eighth Circuit recognizes two narrow exceptions to the plain language rule of statutory enforcement; i.e., where the statute's plain text produces a result obviously conflicting with the drafters' intent, and where a scrivener's error yields an absurd result. *Owner-Operator Indep. Drivers Assoc. v. United Van Lines, LLC,* 556 F.3d 690, 693-94 (8th Cir. 2009). Rigid adherence to the plain language rule when applying § 1441(b)(2) in the circumstances here would yield a result "demonstrably at odds with the intentions of its drafters, and those intentions must be controlling." *Id*. at 693 (internal quotations and citation omitted).

When previously presented with a factually similar situation, involving the very same forum defendant, this Court, finding the non-forum defendant's pre-service removal inconsistent with the fundamental purposes of removal and the forum-defendant rule, concluded the Court lacked jurisdiction over the action. *See Perez*, 902 F.Supp. 2d at 1246. In *Perez*, six days after the plaintiffs filed a products liability action against Forest Laboratories and Forest Pharmaceuticals, before either defendant was served, Forest Laboratories filed a Notice of Removal, based on diversity of citizenship. *Id*. at 1240. This Court noted removal based on diversity jurisdiction is premised on protecting non-resident litigants from prejudice in state court, a need that is absent where the defendant is a citizen of the state in which the case is filed. *Id*. at 1242. In reaching the determination to remand, this Court reasoned, "In a similar fashion,

with a case involving multiple defendants where at least one is a citizen of the forum state, the forum defendant rule still bars removal as the likelihood of local bias against all defendants is too attenuated to justify removal." *Id*.

The Court recognizes that decisions on the "properly joined and served" language of 28 U.S.C. § 1441(b)(2) reveal splits among circuits, and within districts, including the Eastern District of Missouri. Some courts within this district have held a literal reading of the statute only prohibits removal if the forum defendant has actually been served before the notice is filed. *See e.g.*, *Johnson*, 2013 WL 5442752. Other Eastern District courts have concluded removal by an out-of-state defendant is proper under the statute's plain language if at least one defendant, and no forum defendant, has been served, *see e.g., Rogers v. Boeing Aerospace Operations, Inc.*, No. 4:13CV1448 CDP, 2014 WL 1315584 (E.D. Mo. Mar. 31, 2014) (adopting approach that remand is appropriate only if the plaintiff has not yet served any defendant); while others, including this Court, have held that permitting removal where the forum defendant has not been served contravenes the purpose of, and congressional intent behind, the removal statute. *See e.g., Perez*, 902 F.Supp. 2d 1238 (declining removal by non-forum defendant prior to service on any defendant). However, even courts within this district that have concluded an out-of-state defendant may remove an action where a forum defendant was joined, but not served, require at least one defendant to be served. *Rogers*, 2014 WL 1315584 at *5.

Notably, the *Rogers* court recognized, as an exception to its holding, the "egregious" case where an out-of-state defendant "has 'hawked' the state court docket and removed before service to any defendant has occurred." *Id.* at *4. GSK LLC's behavior here likewise seems egregious, as it appears GSK LLC gained knowledge of the action, and filed its removal notice, before service could be effectuated. The Court finds that strict adherence to the language of the statute

8

would be inconsistent with the fundamental purposes of removal and in contravention of the legislative intent behind the forum-defendant rule.  As violation of 28 U.S.C. § 1441(b)(2) constitutes a jurisdictional defect in the Eighth Circuit, this Court lacks subject matter jurisdiction over the matter, and remand is required.  *See Horton v. Conklin*, 431 F.3d 602, 604-05 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [ECF No. 14] is **GRANTED**.  This matter is remanded to the Circuit Court for the Twenty-First Judicial Circuit, St. Louis County, Missouri.

Dated this   14th   day of May, 2014.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE